IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

      **Plaintiff,**

      v.                                                                        **CASE NO. 24-3220-JWL**

**(FNU) BELL, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Brian Michael Waterman brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 3.) The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff.

**I. Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.

1

1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

**II. The Complaint**

Plaintiff's complaint relates to the conditions of confinement at HCF and he names as Defendants Major Bell, Unit Manager Parker, Unit Team members Koob and Fox, and Warden Dan Schnurr. (Doc. 1, p. 2-3.) As Count I, Plaintiff alleges the violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* at 4. As supporting facts for Count I, Plaintiff alleges that Defendants Bell, Parker, Koob, and Fox have turned on exhaust fans behind Plaintiff's cell. *Id.* at 4. Plaintiff contends that the fans blow air through ventilation systems that

are "full of dust, trash[, and] mice fe[c]es," which leads to cold winter air from outside, dust, and toxic sewer gas blowing into his cell. *Id.* Plaintiff alleges that this has caused him severe headaches, light-headedness, and sinus problems. *Id.* at 2, 4. Plaintiff explains that he has asthma and takes allergy pills, but the dust hurts his lungs and causes him difficulty breathing. *Id.* at 6.

Plaintiff further alleges that his cell is so cold that he can see his breath in the mornings and that he has no winter clothes. *Id.* at 6. He asserts that despite Plaintiff and others notifying Defendants Bell, Koob, Fox, and Parker about the winter air and sewage smell, they have refused to turn off the exhaust fans. *Id.* at 5. As of the date Plaintiff filed his complaint—December 8, 2024—the fan had been blowing for "over a week." *Id.*

As Count II, Plaintiff alleges a second violation of the Eighth Amendment's prohibition of cruel and unusual punishment, asserting that Defendants Bell, Fox, Koob, and Parker refuse to provide cleaning supplies, leaving Plaintiff "to live in a filthy cell." *Id.* at 4. More specifically, Plaintiff alleges that HCF cells "back up constantly, [contain] mice feces, [and have] mucus on the walls." *Id.* at 7. He is not allowed to sweep or mop the floor and he is not allowed access to bleach for cleaning. *Id.* Plaintiff has been incarcerated at HCF for over a month without being given any cleaning supplies, and he asserts that the unsanitary living conditions encourage the spread of disease. *Id.*

Count III is not entirely clear. Liberally construed, Plaintiff brings an equal protection claim under the Fourteenth Amendment; in essence that he, as an inmate housed in HCF administrative segregation, is treated differently than inmates housed in administrative segregation at other Kansas correctional facilities, namely El Dorado Correctional Facility (EDCF) and Lansing Correctional Facility (LCF). *Id.* at 8-9. He also alleges that placement in administrative segregation at HCF "can last for years without due process," and he asserts that HCF, unlike other

Kansas correctional facilities, does not allow inmates housed in administrative segregation to have access to "commissary, social and counseling services, religious guidance, recreation, educational services, telephone services, reading materials, legal services, and personal property." *Id.* Moreover, Plaintiff alleges that HCF does not provide incentive pay for porters. *Id.* Plaintiff contends that Defendant Schnurr, as warden of HCF, violates controlling administrative segregation policies by refusing to allow educational services, personal property, televisions, lamps, or commissary access. *Id.* at 9.

As relief in this case, Plaintiff seeks injunctive relief in the form of an order to thoroughly clean all air vents, clean up sewage daily, stop blowing winter air directly into cells, provide inmates cleaning supplies twice per week, and allow administrative segregation inmates to have televisions, educational services, commissary privileges, and incentive pay. *Id.* at 10. Finally, Plaintiff seeks punitive damages of $5,000.00. *Id.*

### III. Discussion

#### A. Joinder of Claims and Parties

The complaint now before this Court does not comply with the rules on joining defendants and claims in a single action. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

4

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, the court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. Thus, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named Defendants or that his claims against all Defendants arise from the same transaction or occurrence and involve common questions of law or fact. For example, Count I brings a claim against Defendants Bell, Parker, Koob, and Fox for the conditions caused by the exhaust fan, while Count

5

III brings a claim against Defendant Schnurr for refusing to allow inmates in administrative segregation certain types of personal property and access to certain prison services.

Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the complaint appears to allege various Defendants were involved in various civil rights violations. Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2). If Plaintiff chooses to file an amended complaint in this matter, the amended complaint must state (1) only those claims that arise against a single defendant or, if Plaintiff wishes to name multiple defendants, (2) only those claims that arise from the same transaction or occurrence and have common questions of fact or law. In the amended complaint, Plaintiff should limit his facts and allegations to properly joined defendants and occurrences. If Plaintiff timely files an amended complaint that fails to comply with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff.

### B. Standing

Plaintiff is cautioned that he should not rely upon the experiences of other inmates to support his claims. In the complaint, he makes the following assertions: the air blown into the cells "mak[es] me an[d] others sick"; Defendants "refuse[d] all inmates in A1, A2, A3 cleaning supplies months prior to my arrival"; Defendants have shown "a deliberate indifference to all inmates['] health and safety"; "our cells back up constantly"; other inmates have been at HCF for "six months, 8 months, or a year in seg[regation] with no cleaning supplies"; and inmates may "do[] a year or more with admin[istrative] seg[regation] liberty interest in personal property, commissary, [and] educational services."(Doc. 1, p. 4, 6-8.) Similarly, Count III alleges that "HCF Administrative Segregation can last for years without due process under the 14th Amendment." *Id.* at 8. But by

6

Plaintiff's own allegations, he has been in administrative segregation at HCF only since early November. *See id.* at 7 ("I've been here a month now.").

It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1999). To have standing to bring a claim under § 1983, a prisoner must allege "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). A pro se individual may not represent others in court, even as a class representative. See *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Thus, if Plaintiff chooses to submit an amended complaint in this matter, he should ensure that the allegations and claims asserted therein are based only on his own personal experience at HCF, not on others' experiences. *See Waterman v. Groves*, 2022 WL 579262, *2 (D. Kan. Feb. 25, 2022) (unpublished) (noting "Plaintiff appears to be raising his complaints on behalf of other inmates" and concluding that Plaintiff had "fail[ed] to show good cause why Count I should not be dismissed"). If he fails to plead sufficient facts that show he has a plausible claim for the violation of his own constitutional rights, this matter will be subject to dismissal.

### C. Failure to State a Claim

Counts I and II are based on the conditions of Plaintiff's confinement; Count I relates to Defendants' refusal to turn off the exhaust fans and Count II relates to Defendants' refusal to provide adequate cleaning supplies. Count III is based on alleged HCF policies that denies inmates in administrative segregation access to certain services and the ability to keep certain types of personal property and, perhaps, HCF's failure to provide due process to inmates who languish in administrative segregation "for years."

### i. Counts I and II

As Plaintiff points out, the Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions may be "restrictive and even harsh," *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but "[u]nder the Eighth Amendment, [prison] officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001).

> "An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate 'of the minimal civilized measure of life's necessities' or (2) subject an inmate to 'a substantial risk of serious harm.' 'The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.' To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded 'an excessive risk to inmate health or safety.' Under this standard, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist, and he [or she] must also draw the inference.'"
>
> *Brooks v. Colorado Dept. of Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021) (citations omitted).

The sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2011) (citation omitted). "While no single factor controls . . . the length of exposure to the conditions is often of

8

prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

In support of Count I, Plaintiff alleges:

> Bell, Koob, Fox, [and] Parker have been notified the exhaust fan is on blowing winter air into our cells by me, other inmates, both shift [sergeants]. They refuse to have it turned off[,] knowing that the chase behind our cells leaks sewage all over the place and that smell blows through our cells.

(Doc. 1, p. 5.) In support of Count II, Plaintiff again generally alleges that "It[']s HCF policy and custom by Bell, Parker, Koob, [and] Fox to not allow inmates in A1, A2, A3 segregation any bleach, simple green, broom, mop." *Id.* at 7. These assertions do not contain sufficiently specific factual allegations to support a plausible claim to relief.

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

Plaintiff does not identify when he asked any Defendant to turn off the exhaust fan or to provide cleaning supplies, nor does he identify when any Defendant refused his request. He does not allege the circumstances of the request or the denial. Simply put, Plaintiff has not alleged sufficiently specific facts to support a plausible claim for relief. If Plaintiff chooses to submit an amended complaint in this matter, he must plead facts with sufficient particularity to show that

each named Defendant personally participated in the violation of his constitutional rights, including dates and circumstances.

### ii. Count III

To the extent that Plaintiff intends Count III to state a claim under the Equal Protection Clause of the Fourteenth Amendment, he again fails to allege specific facts to support his claim.

The Equal Protection Clause of the Fourteenth Amendment "'commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.'" *See Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). And Plaintiff may have a plausible argument that he is similarly situated to inmates housed in administrative segregation at other state-run facilities. However, the complaint now before the Court does not contain any specific factual allegations regarding Plaintiff's efforts to utilize the services he complains of not receiving or his efforts to obtain personal property he complains of not being allowed to have.

Moreover, although Plaintiff conclusorily alleges that the denial of services and property is attributable to Defendant Schnurr, he does not allege specific facts showing that Defendant Schnurr is personally responsible for the denials. "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

To the extent that Count III is intended to state a claim that inmates in HCF administrative segregation are left there without being afforded required due process, Plaintiff has failed to allege

sufficient facts to support a plausible claim for relief. Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011) (citation omitted).

Plaintiff has neither identified a protected interest of which he was denied that requires procedural process nor articulated how he was denied that process. It appears that the due process claim in Count III is based on other inmates' experiences, which—as explained above—is not sufficient to establish Plaintiff's standing to make the claim. (*See* Doc. 1, p. 9 ("We sit down here for six months.") and p. 7 ("I've been here a month now.").)

### IV. Amended Complaint Required

For the reasons set forth above, the complaint now before the Court contains multiple deficiencies that leave it subject to dismissal. Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that cures these deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead, it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his

earlier complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3220-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter or portions of it may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 31, 2025,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 30, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
