IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

      **Plaintiff,**

      v.                                          **CASE NO. 24-3220-JWL**

**(FNU) BELL, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

This pro se civil rights action under 42 U.S.C. § 1983 comes now before the Court on Plaintiff Brian Michael Waterman's motion to consolidate this case with *Waterman v. Zmuda, et al.*, Case No. 24-3239-JWL. (Doc. 7.) The motion will be denied. On December 30, 2024, the Court issued a memorandum and order (M&O) identifying certain deficiencies in the complaint filed in this action and granting Plaintiff to and including January 31, 2025 in which to file an amended complaint. (Doc. 5.) Because Plaintiff has been directed to file an amended complaint and he may include in that amended complaint any claims that may be properly joined in this matter, there is no need for consolidation with Case No. 24-3239.

Plaintiff is expressly cautioned, however, that he will not be allowed to add claims to this matter that do not comply with Federal Rules of Civil Procedure 18(a) and (20(a)(2). Federal Rule of Civil Procedure[1] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993)(federal rules apply to all litigants, including prisoners lacking access to counsel).

1

>or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. Thus, Plaintiff should carefully

3

consider whether the claims he seeks to add to this action comply with these rules and are appropriate to join in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to consolidate (Doc. 7) is denied for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 6, 2025, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**