IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        **Plaintiff,**

        **v.**                          **CASE NO.  24-3220-JWL**

**(FNU) BELL, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Brian Michael Waterman brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 3.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 10), filed January 15, 2025. The Court has conducted the statutorily required screening of the amended complaint and Plaintiff will be given time to file a second amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely file a second amended complaint that cures the deficiencies, this matter may be dismissed without further prior notice to Plaintiff.

**I.  Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*

*v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## II. The Amended Complaint (Doc. 10)

Plaintiff's amended complaint relates to the conditions of confinement at HCF and he names as Defendants Major Bell, Unit Manager Parker, Unit Team members Koob and Fox, and HCF Warden Dan Schnurr. (Doc. 10, p. 2-3.) Unfortunately, the specific claims in the amended complaint are difficult to determine. As Count I, Plaintiff alleges the violation of the Eighth Amendment. *Id.* at 4. As supporting facts, he refers to an exhaust fan blowing cold winter air that

2

smells like a sewer into his cell; dirty air vents; frozen pipes; dirty and foul air; a lack of blankets, socks, shirts, and jackets; and a lack of heat. *Id.* at 4-6. Count II also alleges an Eighth Amendment violation, this time based HCF staff ignoring his complaint about a lack of cleaning supplies being given to inmates; a moldy and torn mattress; a moldy light cover; sewage and water leaking behind his toilet; dirty cell walls; a lack of mirrors; a rodent infestation; mice feces on the floor; "brown and white crud" on the shower doors; toilets that clog, "ping pong, bubble and overflow"; *Id.* at 4, 7-8.

As Count III, Plaintiff asserts a Fourteenth Amendment due process violation and discrimination." *Id.* at 12. He alleges that "[i]nmates can sit for years in solitary confinement with no long-term administrative privileges," which he argues violates law set out by the Kansas Supreme Court in *Amos v. Nelson*, 260 Kan. 652 (1996), and implicates the Fourteenth Amendment's equal protection clause. (Doc. 10, p. 9.) Plaintiff further alleges that solitary confinement at HCF involves "abusive weather tactics[;] unsanitary living conditions[;] prolonged transfers that take minimum of six months to a year"; unconstitutionally small cells; and the denial of television, radio, and educational services. *Id.* Plaintiff also asserts that IMPPs at HCF lack any rational relation to a legitimate penological interest and that in 2022, Warden Schnurr "threatened [Plaintiff] in a letter . . . that was read by mental health." *Id.* at 10, 12.

As Count IV, Plaintiff asserts the violation of the First Amendment based on Defendant Koob's refusal to fix the broken law library tablet. *Id.* at 11. Plaintiff states that the lack of a law library tablet, he cannot research the case law he needs for "civil complaints of 60-1507's." *Id.* As relief, Plaintiff seeks $15,000.00 in compensatory damages; $15,000.00 in punitive damages; and injunctive relief. *Id.* at 13-14. Plaintiff asks this Court to order that: (1) Warden Schnurr develop a "written cleaning program"; (2) Warden Schnurr or a deputy warden conduct two interviews a

week with random RHU inmates; (3) "all new mattresses" be provided; (4) all cells be power

washed and mold removed; (5) "exhaust fans not be used for vindictive weather tactics to punish

inmates"; (6) all showers be power washed; (7) Warden Schnurr provide each inmate at HCF with

two sets of thermals; (8) specific changes in the transfer process; (9) law library access be available

on all inmate tablets; (10) a special master be appointed to supervise HCF's compliance for at least

one year; and (11) Defendant Bell be removed from the segregation review board. *Id.* at 14.

### III. Discussion

#### A.  Rule 8

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a

short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose

of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they

may respond to the complaint, and to apprise the court of sufficient allegations to allow it to

conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument*

*Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir.

1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir.

1979)). Even liberally construing the pro se amended complaint now before it, the Court cannot

determine the basis of the claims alleged therein. Additionally, the complaint would not give

opposing parties fair notice of the basis of the claim or claims against them.

> Rule 8 of the Federal Rules of Civil Procedure requires that the parties make only
> "a *short and plain* statement of the claim showing that the pleader is entitled to
> relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "[A]ll that is necessary is that the
> claim for relief be stated with brevity, conciseness, and clarity, a standard
> articulated many times over by federal courts throughout the country." 5 Charles
> Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

*Chavez v. Huerfano Cty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

First, although the amended complaint contains many factual allegations, the precise nature of each claim is left unclear. For example, Count III asserts the violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses, unconstitutional discrimination, and standards set out by the Kansas Supreme Court. The supporting facts for Count III are wide-ranging, including unsanitary living conditions, delayed inter-prison transfers, the denial of certain privileges, the failure to follow IMPPs, and a threatening letter Plaintiff received in 2022. With such a broad scope of asserted rights being violated by such a broad range of events and circumstances, the Court cannot determine the precise scope of Court III.

Also contributing to the confusion is Plaintiff's inclusion of multiple citations to legal authority throughout the "Cause of Action" section of the required form complaint. (Doc. 10, p. 4-12.) Although the Court understands Plaintiff's desire to demonstrate the validity of his claims, the instructions on the form clearly state: "State the facts clearly in your own words *without citing legal authority or argument*." *Id.* at 4 (emphasis added). The inclusion of case citations in Plaintiff's extended discussion of each claim not only violates this direction, it leaves unclear which facts come from the cases Plaintiff cites and which facts support Plaintiff's personal claims asserted in this action. The Court is not confident that the amended complaint would give opposing

parties fair notice of the basis of the claim against them. Thus, the amended complaint does not comply with Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff the opportunity to file a second amended complaint that clearly sets forth his claims in this matter. Plaintiff must comply with the instructions on the required form and state the facts supporting his claims without legal authority or argument.

The second amended complaint "must explain what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff should ensure that the second amended complaint clearly connects each identified constitutional right with the facts Plaintiff believes show that particular right was violated.

### B.  Joinder of Claims and Parties

In an order issued in this matter on December 30, 2024, the Court explained:

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

(2) Defendants. Persons . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

6

or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, the court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607. Thus, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

(Doc. 5, p. 5.)

Despite this prior instruction, it is not clear that the amended complaint contains only claims that involve all named Defendants or only claims that arise from the same transaction or occurrence and involve common questions of law or fact. Even liberally construing the amended complaint, as is appropriate since Plaintiff proceeds pro se, the complaint appears to allege various Defendants were involved in various civil rights violations involving the cleanliness of Plaintiff's cell, the privileges afforded to Plaintiff in segregation, an exhaust fan that blows cold and foul air

into Plaintiff's cell, and other circumstances. Thus, the amended complaint appears to violate both Rule 18(a) and 20(a)(2).

If Plaintiff chooses to file a second amended complaint in this matter, the amended complaint must state (1) only those claims that arise against a single defendant or, if Plaintiff wishes to name multiple defendants, (2) only those claims that arise from the same transaction or occurrence and have common questions of fact or law. In the second amended complaint, Plaintiff should limit his facts and allegations to properly joined defendants and occurrences. If Plaintiff timely files a second amended complaint that fails to comply with the joinder rules described herein, the Court may dismiss misjoined parties or sever misjoined claims without further prior notice to Plaintiff. Plaintiff is further cautioned that if claims are severed, he will not automatically be entitled to proceed in forma pauperis in the new case or cases involving the severed claims. Rather, each new action will be reviewed to determine whether Plaintiff is entitled to proceed in forma pauperis on the claim or claims therein.

## C. Standing

Similarly, although the amended complaint relies less on the experiences of other inmates than the original complaint, Plaintiff is reminded that he may not rely upon the experiences of other inmates to support his claims. In the amended complaint, he asserts, among other things, that mice "run through our cells and run over and on top of inmates in suicide cells who sleep on the bare concrete"; "these conditions have been going on for years"; and "[i]nmates can sit for years in solitary confinement." (Doc. 10, p. 4-12.) But there is no allegation that Plaintiff personally has been housed in a suicide cell or that he has been at HCF for "years." As stated in the Court's previous order in this case:

> It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *See Archuleta v.*

*McShan*, 897 F.2d 495, 497 (10th Cir. 1999). To have standing to bring a claim under § 1983, a prisoner must allege "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993). A pro se individual may not represent others in court, even as a class representative. See *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

(Doc. 5, p. 7.)

Thus, if Plaintiff chooses to submit a second amended complaint in this matter, he should ensure that the allegations and claims asserted therein are based only on his own personal experience at HCF, not on others' experiences. *See Waterman v. Groves*, 2022 WL 579262, *2 (D. Kan. Feb. 25, 2022) (unpublished) (noting "Plaintiff appears to be raising his complaints on behalf of other inmates" and concluding that Plaintiff had "fail[ed] to show good cause why Count I should not be dismissed"). If Plaintiff fails to plead sufficient facts that show he has a plausible claim for the violation of his own constitutional rights, this matter will be subject to dismissal.

### IV. Second Amended Complaint Required

For the reasons set forth above, the amended complaint now before the Court contains multiple deficiencies that leave it subject to dismissal. Plaintiff will be granted the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures these deficiencies. The second amended complaint is not simply a supplement to the original or amended complaint; instead, it completely replaces both. Therefore, any claims or allegations not included in the second amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the second amended complaint to his earlier complaints. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original and the amended complaints.

Plaintiff must write the number of this case (24-3220-JWL) at the top of the first page of

the second amended complaint and he must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the second amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff should not include legal citation or extensive argument in the second amended complaint, and he must ensure that the second amended complaint includes only properly joined parties and claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 24, 2025,** in which to file a complete and proper second amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated January 23, 2025, in Kansas City, Kansas.

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**