IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

                **Plaintiff,**

v.                                               CASE NO. 24-3220-JWL

(FNU) BELL, ET AL.,

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Brian Michael Waterman is a Kansas prisoner incarcerated at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. This pro se civil rights action under 42 U.S.C. § 1983 comes now before the Court on Plaintiff's "Motion for a temporary order." (Doc. 13.)

Count I of the currently operative second amended complaint alleges that Plaintiff's rights under the Eighth Amendment are being violated because exhaust fans behind his cell blow in cold air from outside that smells like sewage, dead mice, and urine. (Doc. 12, p. 4.) The ventilation system blows dust into Plaintiff's cell, causing him chest pains and multiple asthma attacks. *Id.* at 4, 6. During a January 6, 2025 snowstorm, Plaintiff alleges, it was -12 degrees in Hutchinson, Kansas, and the ventilation system blew 30- to 40-degree air into his cell. *Id.* at 7. Plaintiff was given only one blanket and no winter clothing; he was coughing, sneezing, and his feet and hands hurt from the cold. *Id.* Although there is a heater outside of Plaintiff's cell, he alleges that it is useless because the ventilation system blows cold air into his cell. *Id.* The ventilation system was fixed on January 27, 2025, according to Plaintiff, but it began blowing cold and foul-smelling air again 2 days later. *Id.* Plaintiff states that the smells make him gag and give him headaches. *Id.* According to the second amended complaint, the issues remain unresolved and the ventilation system is clogged

with trash, mice feces, and dust, which clog Plaintiff's nose and leave him coughing, "hacking up" dust, and "scared for [his] life" because he has asthma attacks. *Id.*

Plaintiff's current motion alleges that the exhaust fans continue to blow cold air, even "during weather advisories." (Doc. 13, p. 1.) Plaintiff wrote the motion on February 10, 2025, at which time snow was forecast for that night and the following day. *Id.* at 2. He points out that "the news" has reported a "major flu epid[e]mic this year" and he explains that the cold air "is a major concern to [his] health and safety as [he has] asthma" and "[t]he ventilation system has continued to cause [him] asthma attacks." *Id.* at 1. Plaintiff further alleges that he cannot call for help during an asthma attack because he has no call button and he cannot breathe. *Id.* He asks the Court to issue a temporary order directing HCF Warden Schnurr and HCF Unit Team Manager Moore—both of whom are Defendants in this matter—"to keep the ventilation from blowing cold air [and] to suck air so [Plaintiff] can get warm air from the heaters outside [his] cell." *Id.* at 2.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

The Court has carefully considered the allegations in Plaintiff's motion and concludes that a mandatory preliminary injunction is not required at this time. This case remains in the screening phase and the Court is still determining whether Plaintiff has stated a plausible claim for relief. It cannot be said that Plaintiff has, at this time, shown a likelihood that he will succeed on the merits of the related claim in this matter, Count I. Additionally, Plaintiff has not shown a likelihood that he will suffer irreparable harm if the Court declines to issue the requested order. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Although Plaintiff fears an asthma attack triggered by the cold air, such an attack is not a certainty. Thus, Plaintiff has not made the heightened showing of the four factors needed for this Court to enter a mandatory preliminary injunction.

**IT IS THEREFORE ORDERED** that the motion (Doc. 13) is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED:   This 13th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
