IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                                                  CASE NO. 24-3220-JWL

(FNU) BELL, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Brian Michael Waterman brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 3.) This matter comes now before the Court on Plaintiff's second amended complaint (Doc. 12), filed February 5, 2025. The Court finds that the proper processing of Plaintiff's claim in Count I cannot be achieved without additional information from the appropriate Kansas Department of Corrections ("KDOC") officials. Due to the nature of Plaintiff's claims in Count I, the Court will set an expedited schedule for receiving the additional information and does not anticipate granting extensions of that schedule.

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his second amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). In his second amended complaint, Plaintiff names as Defendants HCF Warden Dan Schnurr, Unit Managers (fnu) Moore and (fnu) Parker, Major Bell, and Unit Team members Koob and Fox. (Doc. 12, 1-

1

3.) Plaintiff raises seven counts in the second amended complaint, but the Court will discuss only Count I in this order, which should not be interpreted as any indication of the plausibility or the merits of the remaining counts.

As Count I, Plaintiff alleges a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* at 4. As supporting facts for Count I, Plaintiff alleges that exhaust fans behind his cell blow in cold air from outside that smells like sewage, dead mice, and urine. *Id.* The ventilation system blows dust into Plaintiff's cell, causing him chest pains and multiple asthma attacks. *Id.* at 4, 6. Liberally construing the pro se complaint, Plaintiff further alleges he informed HCF of the conditions at his seg review in December 2023[1]; through multiple Form-9s to Defendants Koob, Moore, and Fox; through a grievance to Defendant Schnurr in early December 2024, and through a grievance to the Secretary of Corrections sent in January 2025. *Id.* at 4,6-7.

During a January 6, 2025 snowstorm, Plaintiff alleges, it was -12 degrees in Hutchinson, Kansas, and the ventilation system blew 30- to 40-degree air into his cell. *Id.* at 7. Plaintiff was given only one blanket and no winter clothing; he was coughing, sneezing, and his feet and hands hurt from the cold. *Id.* Although there is a heater outside of Plaintiff's cell, he alleges that it is useless because the ventilation system blows cold air into his cell. *Id.* The ventilation system was fixed on January 27, 2025, according to Plaintiff, but it began blowing cold and foul-smelling air again 2 days later. *Id.* Plaintiff states that the smells make him gag and give him headaches. *Id.* Plaintiff asserts that unnamed HCF mental health staff emailed Defendants Koob, Fox, Moore, and Bell "over these issues" in December 2024 and January 2025 and Defendant Bell "was also informed thr[ough] Form 9-seg review like the rest." *Id.* Yet the issues remain unresolved and the

---

[1] The Court will presume that Plaintiff intended to refer to December 2024.

ventilation system is clogged with trash, mice feces, and dust, which clog Plaintiff's nose and leave him coughing, "hacking up" dust, and "scared for [his] life" because he has asthma attacks. *Id.*

The Court finds that the proper processing of Count I cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to promptly prepare and file a *Martinez* Report regarding the claims in Count I of the second amended complaint. Once the Report has been received, the Court can properly screen Plaintiff's second amended complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that:

(1) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report on or before **March 17, 2025. Due to the nature of the claims in Count I, the Court does not anticipate granting any extensions of this deadline. All efforts should be made to submit the *Martinez* Report as soon as possible.** Upon the filing of that Report, the Court will screen Plaintiff's second amended complaint and will issue further orders. If the second amended complaint survives screening, the Court will enter a separate order serving Defendants and setting an answer deadline.

(2) KDOC officials are directed to undertake a review of the subject matter of Count I of the second amended complaint:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of Count I of the second amended complaint; and

      c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to Count I of the second amended complaint in this matter and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the second amended complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the second amended complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

5

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated February 13, 2025, in Kansas City, Kansas.**

                                         **S/ John W. Lungstrum**
                                         **JOHN W. LUNGSTRUM**
                                         **UNITED STATES DISTRICT JUDGE**