IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: 24-3220-EFM-TJJ |
| ) | |
| (fnu) BELL, (fnu) KOOB, (fnu) FOX, ) | |
| And (fnu) MOORE, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendants (fnu) Bell, (fnu) Koob, (fnu) Fox, and (fnu) Moore, (the "KDOC Defendants" or "Defendants"), through undersigned counsel, respond to the Court's Order to Show Cause (Doc. 36) as follows:

The good cause standard comes up in various contexts but typically requires demonstrating "diligen[ce] in attempting to meet the deadlines, which means [providing] an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. Feb. 25, 2009) (considering good cause for modifying a scheduling order). A good cause showing also usually requires demonstrating circumstances outside the control of the party who missed the deadline. *See Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (considering good cause for extending the time to file an appeal). Determining whether the good cause standard is met is within the Court's sound discretion. *Id.*

The Court's April 29, 2025 Service Order (Doc. 30), required Defendants to file a Waiver of Service Executed or Unexecuted within 30 days. The Waiver of Service was due May 29, 2025.

The Kansas Attorney General's Office believed this case had been assigned internally and that the deadline to file the Waiver was calendared; however, due to a combination of errors, including administrative miscommunication, unanticipated medical leave, and understaffing, the case had not been internally assigned, and the deadline had not been calendared.

When Plaintiff Brian Michael Waterman ("Mr. Waterman") filed his Motion for Default Judgment (Doc. 34) on July 14, 2025, the mistake was realized. Immediately thereafter, on July 15, 2025, the Waiver was filed (Doc. 35). And on July 16, 2025, undersigned counsel was retained to represent Defendants.

Defendants do not in any way seek to minimize their failure to comply with this Court's orders. The mistake was made. However, the mistake was inadvertent and unintentional. And although some negligence was involved in the missed deadline, the unexpected medical leave was beyond anyone's control. As soon as the mistake was discovered, thanks to Plaintiff's motion, the Waiver was filed. Had Defendants timely filed their Waiver of Service, the answer date would have fallen on or about July 28, 2025. Accordingly, the progress of this case has not been significantly delayed. Recognizing the seriousness of Defendants missing the deadline, and inadvertently failing to comply with this Court's order, any prejudice to Mr. Waterman is therefore minimal. *See Commercial Capital Co., LLC v. Am. Tow & Recovery, Inc.*, No. 24-2365-JWB, 2025 U.S. Dist. LEXIS 107853, at *5 (D. Kan. June 6, 2025) (finding that setting aside a default judgment after a three-month delay was not prejudicial to the party seeking default, and noting that a four-month delay was found not unduly prejudicial in another case in this District, and noting that prejudice requires a showing that the "delay actually hindered [Plaintiff's] ability to litigate the case" *Id.* (citing *Perez v. Dhanani*, No. 13-1020-RDR, 2015 U.S. Dist. LEXIS 12494, 2015 WL 437769, at *4 (D. Kan. Feb. 3, 2015)).

Accordingly, Defendants request that this Court deny Plaintiff's Motion for Default Judgment (Doc. 34) as moot, find that Defendants have shown good cause for belatedly filing the Waiver, or in the alternative, allow their belated filing, and set an answer deadline that comports with all parties' interests in addressing this matter on the merits in a timely fashion.

Respectfully submitted,
STEVENS & BRAND, L.L.P.

*/s/ Katherine E. Simpson*
Katherine E. Simpson #26453
900 Massachusetts St – Ste 500
P.O. Box 189
Lawrence, KS 66044
Tel: 785-843-0811
Fax: 785-843-0341
ksimpson@stevensbrand.com
*Attorneys for KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF electronic filing system, and a copy sent by U.S. Mail, first-class postage prepaid, to:

> Brian Michael Waterman #126456
> Hutchinson Correctional Facility
> PO Box 1568
> Hutchinson KS 674504

*/s/ Katherine E. Simpson*
Katherine E. Simpson
