IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    *Plaintiff,*

v.

(fnu) BELL, et al.,

    *Defendants.*

Case No. 24-3220-EFM-TJJ

**MEMORANDUM AND ORDER**

Before the Court is Defendants (fnu) Bell, (fnu) Koob, (fnu) Fox, and (fnu) Moore's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 44). Plaintiff Brian Michael Waterman, pro se, alleges Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment during his time as an inmate at Hutchinson Correction Facility ("HCF"). Plaintiff brings claims for damages and injunctive relief against Defendants in their official capacities, and claims for damages against Defendants in their individual capacities under 42 U.S.C. § 1983. For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

**I.    Factual and Procedural Background**[1]

Plaintiff filed this § 1983 suit on December 8, 2024, alleging seven counts of Eighth Amendment violations against Defendants based on conditions Plaintiff was subject to as an inmate at HCF. The Court previously screened Plaintiff's Second Amended Complaint and

---

[1] The facts in this section are taken from the Second Amended Complaint unless otherwise cited.

dismissed several of these counts for failure to state a claim.[2] Plaintiff's remaining claims against Defendants include Count I, Count V, and Count VI.

Count I asserts that Defendants refused to turn off the exhaust fans at HCF after being notified the fans were constantly blowing cold air, foul odors, and debris into Plaintiff's cell, causing Plaintiff to have trouble breathing. Count V asserts that Plaintiff was given a moldy mattress to sleep on causing Plaintiff to vomit, suffer headaches, and experience burning eyes, and that Defendants did not replace the mattress after Plaintiff complained. Count VI asserts Plaintiff was not provided sufficient clean clothing and towels, even after notifying Defendants multiple times. Plaintiff has since informed this Court that he was transferred to Ellsworth Correctional Facility on July 22, 2025,[3] and is thus no longer subject to the conditions underlying these counts.

Defendants now move to dismiss the remaining counts against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Alternatively, Defendants move for summary judgment under Rule 56(a). Plaintiff did not respond to Defendants' Motion.

## II.   Legal Standards

### A.   Motion to Dismiss Under Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[4] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[5] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the

---

[2] Doc. 29.

[3] Doc. 41.

[4] Fed. R. Civ. P. 12(b)(1).

[5] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

proceedings that it lacks jurisdiction.[6] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[7]

**B.     Motion to Dismiss Under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[9] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[12] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[13] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[6] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[7] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[14]

**C.     Construing Pro Se Complaints**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[15] A pro se litigant is entitled to a liberal construction of his pleadings.[16] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[17] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[18]

### III.     Analysis

**A.     Claims for Damages in Defendants' Official Capacities**

Defendants first invoke Eleventh Amendment sovereign immunity to move for dismissal of Plaintiff's claims for money damages against them in their official capacities. Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[19] "The Eleventh Amendment

---

[14] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[15] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[16] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Id.*

[19] U.S. CONST. amend. XI.

bars suits in federal court against a nonconsenting state brought by the state's own citizens."[20] This immunity extends to state officials and "precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities."[21] Here, Defendants are employees of the State of Kansas and are entitled to Eleventh Amendment immunity. Thus, the Court dismisses Plaintiff's claims for damages against Defendants in their official capacities.

**B.      Claims for Injunctive Relief in Defendants' Official Capacities**

Next, Defendants assert that Plaintiff's claims for injunctive relief against them should be dismissed as moot because Plaintiff has since transferred to a new facility. Under Article III of the United States Constitution, federal courts have jurisdiction only over "cases" and "controversies."[22] The Court recognizes that "[a] prisoner's release from or transfer out of a prison system generally moots claims for declaratory and injunctive relief for claims concerning conditions in that system."[23] Because Plaintiff is no longer subject to the conditions of confinement at HCF, the Court dismisses his claims for injunctive relief against Defendants in their official capacities as moot.

**C.      Claims for Damages in Defendants' Individual Capacities**

Finally, Defendants move for dismissal of Plaintiff's claims against them in their individual capacities on the basis of qualified immunity. It is well established that "[i]ndividual defendants named in a § 1983 action may raise a defense of qualified immunity."[24] "The doctrine of qualified

---

[20] *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citation omitted).

[21] *Id.*; *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017).

[22] U.S. CONST. art. III, § 2, cl. 1.

[23] *Warner v. Patterson*, 534 F. App'x 785, 788 (10th Cir. 2013) (citations omitted).

[24] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013).

immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[25] When the defense of qualified immunity is asserted, the burden shifts to the plaintiff to show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[26] The Court has discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[27] "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[28] "In determining whether the plaintiff has shouldered this *heavy burden*, '[the Court] construe[s] the facts in the light most favorable to the plaintiff as the non-movant.'"[29]

Here, Plaintiff wholly fails to meet his burden to overcome Defendants' assertions of qualified immunity because he did not respond to Defendants' motion. In failing to do so, Plaintiff has not directed the Court to any arguments or authority to rebut Defendants' assertions, nor has he directed the Court to any evidence showing that Defendants are not entitled to qualified immunity. Accordingly, the Court dismisses Plaintiff's remaining claims for damages against Defendants in their individual capacities.

---

[25] *Id.* (quotations and citation omitted).

[26] *Id.* (citation omitted).

[27] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[28] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

[29] *Corona v. Aguilar*, 959 F.3d 1278, 1282 (10th Cir. 2020) (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)) (emphasis added).

**IT IS THEREFORE ORDERED** that Defendants (fnu) Bell, (fnu) Koob, (fnu) Fox, and (fnu) Moore's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 44) is **GRANTED**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 13th day of January, 2026.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE